Case 09-70535-hdh13 Doc 47 Filed 04/08/10 Entered 04/08/10 14:17:50 Page 1 of 5



**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed April 8, 2010

United States Bankruptcy Judge

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| NICHOLAS HARRISON SEITZ, JR. § | Case No. 09-70535-HDH-13 |
| and GANEL BEADLE SEITZ, § | |
| § | |
| Debtors. § | |

### MEMORANDUM OPINION ON GANEL BEADLE SEITZ' MOTION FOR EXECUTOR TO APPEAR ON BEHALF OF DEBTOR

The issue before the court is whether Bankruptcy law allows a joint-debtor spouse, who is also acting as personal administrator for her husband's estate, to appear at the § 341 Meeting. This court holds that Ganel Beadle Seitz is allowed to attend the § 341 Meeting, as both a debtor and a personal representative of her husband's estate.

### Facts

Joint-debtors Nicholas Harrison Seitz, Jr. and Ganel Beadle Seitz, husband and wife, filed for Chapter 13 bankruptcy in Wichita Falls, Texas, on October 20, 2009. The husband passed away November 11, 2009, before the Section 341 meeting of creditors (§ 341 Meeting").

Ganel Beadle Seitz is the executrix for her husband's estate and has been authorized as its "personal representative" with Letters Testamentary from the Wichita County Court of Law.

Ms. Seitz filed a Motion for Executor to Appear on Behalf of Debtor in which she requested that she be allowed to testify at the § 341 Meeting on her deceased husband's behalf as Executor. The Trustee, Walker O'Cheskey, filed a Response to the her motion in which he neither admitted nor denied her request to testify.

## The Relevant Bankruptcy and Texas Law

**Section 343 and Rule 1016**

Under 11 U.S.C. § 343,[1] a debtor is required to appear under oath at the § 341 Meeting. The § 341 Meeting gives the creditors and the trustee the opportunity to examine the debtor. However, if the debtor dies before the § 341 Meeting, Federal Rule of Bankruptcy Procedure 1016[2] gives the bankruptcy court discretion to 1) dismiss or 2) continue a bankruptcy case as if the death had never occurred.

---

[1] **11 U.S.C. § 343 Examination of the Debtor -** The debtor shall appear and submit to examination under oath at the meeting of creditors under section 341 of this title. Creditors, any indenture trustee, any trustee or examiner in the case, or the United States trustee may examine the debtor. The United States trustee may administer the oath required under this section.

[2] **Fed. R. Bankr. P. 1016 Death or Incompetency of the Debtor -** Death or incompetency of the debtor shall not abate a liquidation case under chapter 7 of the Code. In such event the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death or incompetency had not occurred. If a reorganization, family farmer's debt adjustment, or individual's debt adjustment case is pending under chapter 11, chapter 12, or chapter 13, the case may be dismissed; or if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or incompetency had not occurred.

**Personal Representative**

In Texas, the "personal representative" of the debtor's estate is either the "executor" if named in the will or the "administrator" if the person dies intestate. TEX. PROB. CODE §§ 3(aa) and 178(a-b).[3] The personal representative is not authorized to act on behalf of the deceased debtor until Letters Testamentary or Letters of Administration are issued by the courts. *Duncan v. Veal*, 49 Tex. 603 (1878); *Neel v. Maurice*, 223 S.W.2d 690, 693 (Tex. Civ. App–El Paso 1941); and Tex. Jur. Decedents Estates § 257.

In Texas, only the personal representative may appear on the deceased debtor's behalf in a judicial proceeding. TEX. PROB. CODE §§ 233(a),[4] -37[5]; *Krishnan v. Ramirez*, 42 S.W.3d 205 (Tex. App.—Corpus Christi 2001, pet. denied) (generally the personal representative of a decedent's estate is the only person entitled to sue to recover estate property, although an exception exists, and heirs at law can maintain a survival suit within the period allowed by law if

---

[3] **Tex. Prob. Code § 3 Definitions & Use of Terms (aa)** "Personal representative" or "Representative" includes executor, independent executor, administrator, independent administrator, temporary administrator, together with their successors. The inclusion of independent executors herein shall not be held to subject such representatives to control of the courts in probate matters with respect to settlement of estates except as expressly provided by law.

[4] **Tex. Prob. Code § 233A. Suits by Executors or Administrators.** Suits for the recovery of personal property, debts, or damages and suits for title or possession of lands or for any right attached to or growing out of the same or for injury or damage done thereto may be instituted by executors or administrators appointed in this state; and judgment in such cases shall be conclusive, but may be set aside by any person interested for fraud or collusion on the part of such executor or administrator.

[5] **Tex. Prob. Code § 37. Passage of Title Upon Intestacy and Under a Will**. When a person dies, leaving a lawful will, all of his estate devised or bequeathed by such will, and all powers of appointment granted in such will, shall vest immediately in the devisees or legatees of such estate and the donees of such powers; and all the estate of such person, not devised or bequeathed, shall vest immediately in his heirs at law; subject, however, to the payment of the debts of the testator or intestate, except such as is exempted by law, and subject to the payment of court-ordered child support payments that are delinquent on the date of the person's death; and whenever a person dies intestate, all of his estate shall vest immediately in his heirs at law, but with the exception aforesaid shall still be liable and subject in their hands to the payment of the debts of the intestate and the delinquent child support payments; but upon the issuance of letters testamentary or of administration upon any such estate, the executor or administrator shall have the right to possession of the estate as it existed at the death of the testator or intestate, with the exception aforesaid; and he shall recover possession of and hold such estate in trust to be disposed of in accordance with the law.

they allege and prove there is no administration pending and none necessary); and *Catlett v. Catlett*, 630 S.W.2d 478 (Tex. App.1982, writ ref. n.r.e.) (when a personal representative of estate deems it to be in the estate's best interest, he may compromise or settle estate's litigation upon making written application to the probate court and obtaining an order granting such authority).

Few cases discuss the issue of whether the spouse of the deceased joint-debtor may appear on behalf of the deceased debtor. Bankruptcy courts in Texas have held that the personal representative is the person authorized to appear on behalf of the "debtor" at the § 341 Meeting. In addition, the personal representative's appearance and testimony satisfy the § 343 requirement that the debtor be present at the § 341 Meeting. *In re Hamilton*, 274 B.R. 266, 267 (Bankr. W.D. Tex. 2001); *In re Lucio*, 251 B.R. 705, 709 (Bankr. W.D. Tex. 2000).

The debtor in *In re Lucio* passed away after filing for Chapter 7 but before attending the § 341 Meeting. *In re Lucio*, 251 B.R. at 707. The debtor's daughter had the debtor's power of attorney and had extensive personal knowledge of the debtor's financial affairs. The daughter requested to appear at the § 341 Meeting on the debtor's behalf; however, the bankruptcy court refused. *Id.* The court's rationale was that the daughter's power of attorney expired upon the debtor's death and only the debtor's estate's personal representative could appear on behalf of the debtor pursuant to 11 U.S.C. § 343. *Id*. at 708. Instead, the court held that only the decedent's estate's personal representative could attend the § 341 Meeting. *Id*. at 709.

Similarly, in *In re Hamilton*, the court held that the only person who could attend the § 341 Meeting when a debtor dies is the debtor's estate's personal representative. *Hamilton*, 274 B.R. at 267. Like the instant case, the debtor passed away after filing for bankruptcy but before

attending the § 341 Meeting. *Id*. The debtor's wife petitioned to appear at her deceased husband's § 341 Meeting. However, she did not present facts that she was her the personal representative of his estate, nor that she had been given Letters Testamentary. Therefore, the court denied the wife's request to appear at the § 341 Meeting. *Id*. at 268.

### This Case

In the instant case, the Ms. Seitz appears to have met the legal requirements set out under Texas law for her to represent her deceased husband in a judicial proceeding. She has presented evidence to this court that the Texas Courts have appointed her as the estate's personal representative and issued her Letters Testamentary. Therefore, 11 U.S.C. § 343 is satisfied because the debtor's personal representative will be present at the § 341 Meeting to answer questions about the estate. Thus, Ganel Beadle Seitz is authorized to speak on behalf of her husband's estate at the § 341 Meeting.

Accordingly, Ganel Beadle Seitz may testify at the § 341 Meeting on her own behalf and as personal administrator of her husband's estate. Pursuant to the power given under Fed. R. Bankr. P. 1016, this Court will allow the bankruptcy case to continue even though one of the joint-debtors is deceased.

A separate order has been entered consistent with this decision.

###END OF MEMORANDUM OPINION###